UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Feb 23, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LAND ROVER LR3 TIRE WEAR
PRODUCTS LIABILITY LITIGATION

MDL No. 2008

### TRANSFER ORDER

**Before the entire Panel**[*]: Defendant Jaguar Land Rover North America, LLC (Land Rover) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in all actions oppose the motion and, alternatively, suggest centralization in the District of New Jersey.

This litigation currently consists of eight actions listed on Schedule A and pending in six districts as follows: three actions in the Central District of California and an action each in the District of Colorado, the District of Maryland, the District of New Jersey, the Western District of Washington, and the Eastern District of Wisconsin.[1]

On the basis of the papers filed and hearing session held, we find that these eight actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions regarding an alleged geometry alignment defect that causes uneven and premature tire wear on model year 2005 and 2006 Land Rover LR3s. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to issues of class certification; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs argue against transfer that, *inter alia*, (1) voluntary coordination among the parties would be preferable to centralization, and (2) that centralization in the Central District of California will slow the progress of the actions pending outside the district because those actions will likely be stayed awaiting the Central District of California *Gable* and *Wolin* plaintiffs' appeal of Judge

---

[*]   Judge Hansen took no part in the decision of this matter.

[1]   In addition to the eight actions now before the Panel, the parties have notified the Panel of a related action pending in the District of Connecticut. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Andrew J. Guilford's denial of their motions for class certification. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. While we applaud plaintiffs' spirit of cooperation, transfer of these related actions under Section 1407 will foster a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and ii) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

This is a case in which defendant might perceive the MDL process as a means to advance its litigation interests, just as the recently filed actions may have arisen in part from the anticipated denial of the class motions in California. Our decision is not based on such considerations. The Central District of California is an appropriate transferee forum because the first-filed and most procedurally advanced actions are pending there. Moreover, substantial benefits arise by assigning the litigation to Judge Guilford, who has gained familiarity with this litigation by presiding over some of the actions since 2007. The transferee judge may, after careful examination and in the exercise of his sound discretion, allow discovery and/or other pretrial proceedings in the transferred actions. Or, once the class action issues are finally resolved, the question might arise whether individual actions should be remanded to their respective transferor courts.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Andrew J. Guilford for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen[*] |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

**IN RE: LAND ROVER LR3 TIRE WEAR
PRODUCTS LIABILITY LITIGATION**            MDL No. 2008


## SCHEDULE A


<u>Central District of California</u>

Kenneth Gable v. Jaguar Land Rover North America, LLC, C.A. No. 8:07-376
Brian J. Wolin v. Jaguar Land Rover North America, LLC, C.A. No. 8:07-627
Kimberly S. Gomcsak v. Jaguar Land Rover North America, LLC, C.A. No. 8:07-1200

<u>District of Colorado</u>

Thomas Leif Counter v. Jaguar Land Rover North America, LLC, C.A. No. 1:08-2198

<u>District of Maryland</u>

Mary Siemer Valliant v. Jaguar Land Rover North America, LLC, C.A. No. 1:08-2761

<u>District of New Jersey</u>

Joseph J. Estes, et al. v. Jaguar Land Rover North America, LLC, C.A. No. 2:08-4408

<u>Western District of Washington</u>

Murray W. Greenwood, et al. v. Jaguar Land Rover North America, LLC,
   C.A. No. 2:08-1449

<u>Eastern District of Wisconsin</u>

Steven G. Lewinsky, et al. v. Jaguar Land Rover North America, LLC, C.A. No. 2:08-790